IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



EDWARD P. TYSON, M.D.,
          Plaintiff,

-vs-                                            Case No. A-13-CA-180-SS

AUSTIN EATING DISORDERS PARTNERS,
LLC d/b/a Cedar Springs Austin; and M. MARK
McCALLUM, Individually and as CFO of Austin
Eating Disorders Partners, LLC d/b/a Cedar
Springs Austin,
          Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Austin Eating Disorders Partners, LLC (AED) and M. Mark McCallum's Second Motion to Dismiss [#27], Plaintiff Edward P. Tyson's Response [#28], and Defendants' Reply [#29]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Tyson previously worked for AED as medical director of their Austin eating-disorder treatment center. Some time after Tyson was removed from his position, Tyson directed his accountant to inquire about AED's improved financials. McCallum responded to this email inquiry with an email of his own, sent to Tyson, AED's board members, AED's attorney, and AED's accountant. The email generally explained AED's financials had improved because Tyson was a bad

medical director who had no idea how to run the treatment center and had a practice of taking "kickbacks" for referring patients to other facilities.

Based on this email, Tyson sued AED and McCallum in Texas state court for intentional infliction of emotional distress (IIED) and various forms of defamation. After Defendants removed, this Court denied Tyson's motion to remand and, after allowing jurisdictional discovery (including the deposition of McCallum), granted Defendants' motion to dismiss and dismissed all of Tyson's claims without prejudice. Order of June 21, 2013 [#25]. The Court dismissed under Rule 12(b)(6) because: (1) the email was subject to a qualified privilege, which Tyson could not overcome with general allegations of malice; (2) the email was not actionable as defamation *per se* because it did not injure Tyson in his occupation as a physician; and (3) IIED was not a viable cause of action given the tort's narrow scope and the nature of Defendants' actions.

Tyson timely filed his Second Amended Complaint [#26], which abandons the IIED claim and pleads additional facts in support of Tyson's various defamation theories. Defendants again move to dismiss, on the same grounds as their original 12(b)(6) motion.

## Analysis

**I.     Motion to Dismiss—Rule 12(b)(6)—Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

The Court previously held Tyson's defamation claims were subject to dismissal because McCallum's statements in the email were subject to a qualified privilege. *See Frakes v. Crete Carrier Corp.*, 579 F.3d 426, 430 (5th Cir. 2009) (applying Texas law); *see also Austin v. Inet Techs., Inc.*, 118 S.W.3d 491, 497 (Tex. App.—Dallas 2003, no pet.). Tyson does not contest the

qualified privilege applies, but argues he has defeated the application of the privilege by alleging McCallum acted with actual malice.

It is true a showing of actual malice will defeat the qualified privilege. *Frakes*, 579 F.3d at 430; *Austin*, 118 S.W.3d at 496. "In the defamation context, a statement is made with actual malice when the statement is made with knowledge of its falsity or with reckless disregard as to its truth." *Austin*, 118 S.W.3d at 496; *see also Burch v. Coca-Cola Co.*, 119 F.3d 305, 324 n.20 (5th Cir. 1997) (applying Texas law). Importantly, both the Fifth Circuit and the Texas Supreme Court have confirmed "'[a]ctual malice is not ill will; it is the making of a statement with knowledge that it is false, or with reckless disregard of whether it is true.'" *Burch*, 119 F.3d at 324 n.20 (quoting *Carr v. Brasher*, 776 S.W.2d 567, 571 (Tex. 1989)).

Tyson's Second Amended Complaint alleges no facts in support of the idea McCallum made any of the statements in the email with knowledge those statements were false, or with reckless disregard of their truth. Instead of alleging facts showing McCallum knew or had reason to know his statements were false, Tyson argues various tepid statements McCallum made about Tyson prove McCallum disliked Tyson and thus acted with animus towards him. Such allegations are insufficient to show actual malice, because "actual malice is not ill will." *Burch*, 119 F.3d at 324 n.20 (internal quotation marks omitted). While evidence of ill will may *support* other allegations of malice, there must be something more than simple dislike. *See Frakes*, 579 F.3d at 431 ("'A lack of care or an injurious motive in making a statement *is not alone proof of actual malice* . . . .'" (quoting *Bentley v. Bunton*, 94 S.W.3d 561, 596 (Tex. 2002)). Actual malice "cannot be inferred from falsity of the statement alone," and the "[f]ailure to investigate the truth or falsity of a statement before it is published is insufficient to show actual malice." *Austin*, 118 S.W.3d at 497–98. Tyson points to no

factual allegations showing McCallum knew, or had reason to know, any statement he made was false, notwithstanding McCallum's alleged dislike of Tyson.[1]

Tyson's defense of his claims appears to be predicated on a misreading of the case law's pronouncement the actual malice inquiry requires consideration of the "state of mind" of the defendant. *Bentley*, 94 S.W.3d at 591; *Austin*, 118 S.W.3d at 497 ("[T]he issue as to actual malice is the speakers' subjective state of mind."). This is true, but the relevant state of mind is not whether the defendant dislikes the plaintiff; the relevant state of mind is whether the defendant knew or had reason to believe the statement was false. *Id.* at 591. As the Texas Supreme Court explained in *Bentley*:

> Mere negligence is not enough. There must be evidence that the defendant in fact entertained serious doubts as to the truth of his publication, evidence that the defendant actually had a high degree of awareness of the probable falsity of his statements.

*Id.* (internal quotations, alterations, and footnotes omitted); *see also Frakes*, 579 F.3d at 431 ("Accordingly, the crux of the actual-malice inquiry is whether the defendant subjectively has "'significant doubt about the truth of his statements at the time they are made.'" (quoting *Bentley*, 94 S.W.3d at 596)). There is no such evidence suggested by Tyson's Second Amended Complaint. Despite having deposed McCallum, Tyson has not alleged any facts suggesting Tyson doubted the truth of his statements, knew they were false (or probably false), or even had reason to suspect they might be false. Because Tyson does not otherwise contest the applicability of the qualified privilege, his failure to plead any facts showing actual malice is dispositive of all his defamation claims.

---

[1] Boilerplate recitations such as "The accusation that Dr. Tyson committed a crime is false and was false when made and Mr. McCallum knew or should have known that the accusation was false when made" are insufficient. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks omitted)).

## Conclusion

Tyson has already deposed McCallum and amended his pleading multiple times, but has been unable to plead any facts in support of actual malice, other than those showing McCallum generally disliked Tyson. There is no reason to believe yet another opportunity to amend would reveal any new factual allegations regarding McCallum's relevant state of mind and thus provide some basis for defeating the qualified privilege. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend need not be given when amendment would be futile).

Accordingly,

IT IS ORDERED that Defendants Austin Eating Disorders Partners, LLC and M. Mark McCallum's Second Motion to Dismiss [#27] is GRANTED;

IT IS FINALLY ORDERED that Plaintiff Edward P. Tyson's claims in this case are DISMISSED WITH PREJUDICE.

SIGNED this the 29th day of August 2013.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE